UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

JOSE ARRIBAS,

    Plaintiff,

vs.

STYLE 10, LLC, a Florida limited liability company, ESTER TARIN GIMENO, an individual, and JOSE CASTELLANO, an individual,

    Defendants.
_____/

COMPLAINT

CASE NO.:

## **COMPLAINT**

COMES NOW Plaintiff JOSE ARRIBAS ("Arribas" or "Plaintiff"), who was an employee of Defendants STYLE 10, LLC, a Florida for-profit corporation, ESTER TARIN GIMENO, an individual, and JOSE CASTELLANO, an individual (together, "Defendants"), and brings this action for unpaid minimum wage compensation, liquidated damages, retaliation and other relief under the Fair Labor Standards Act, 29 U.S.C. 201, *et seq*. and 531. 35 ("FLSA"), and for damages under the Florida Whistle-blower's Act, Fla. Stat. 448.102.

### I.    INTRODUCTION

1. Plaintiff seeks unpaid minimum wages of which he was deprived, an equal amount of liquidated damages, damages for retaliation, reasonable attorneys' fees and costs, and all other relief the court deems appropriate.

1

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

## II.   JURISDICTION AND VENUE

2. Venue is proper because Defendants transact business in this District; because all wages were earned and due to be paid in this District; because Defendants' restaurant is situated in this District; and because most, if not all, of the operational decisions were made in this District.

3. This Court has original jurisdiction over Plaintiff's claims.

## III.   PARTIES

4. Plaintiff JOSE ARRIBAS ("Arribas") is over 18 years old and was a *sui juris* resident of Miami-Dade County, Florida, at all times material. He was an hourly, non-exempt employee of Defendants, as the term "employee" is defined by 29 U.S.C. § 203(e).  Arribas consents to participate in this lawsuit.

5. Defendant STYLE 10, LLC ("STYLE 10") is a Florida for-profit company that owns and operates the Kebo restaurant at which Plaintiff was employed, located in Key Biscayne, Florida.

6. Defendant JOSE CASTELLANO ("CASTELLANO") an individual and *sui juris*, is the co-owner and co-manager of STYLE 10, LLC. Castellano acted directly and indirectly in the interest of STYLE 10. CASTELLANO frequented the Kebo restaurant and had the power to direct employees' actions.  CASTELLANO had management responsibilities, degree of control over the corporation's financial affairs and compensation practices, and was in a position to exert substantial authority over corporate policy relating to employee wages and whether to compensate (or not to compensate) employees at Kebo restaurant in accordance with the FLSA, making Defendant CASTELLANO an employer pursuant to the FLSA.

2

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

7. Defendant ESTER TARIN GIMENO ("TARIN") an individual and *sui juris*, is the co-owner and co-manager of STYLE 10, LLC. TARIN acted directly and indirectly in the interest of STYLE 10. TARIN frequented the Kebo restaurant and had the power to direct employees' actions. TARIN had management responsibilities, degree of control over the corporation's financial affairs and compensation practices, and was in a position to exert substantial authority over corporate policy relating to employee wages and whether to compensate (or not to compensate) employees at Kebo restaurant in accordance with the FLSA, making Defendant TARIN an employer pursuant to the FLSA.

## IV. COVERAGE

8. During all material times, Defendant STYLE 10 was an enterprise covered by the FLSA in that it was engaged in commerce or in the production of goods for commerce within the meaning of § 29 U.S.C. 203(s)(1) of the Act, in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

9. During all material times, Defendants employed ten or more employees.

10. During all material times, Defendant STYLE 10, LLC was an employer as defined by 29 U.S.C. § 203(d).

11. During all material times, Defendants had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the Style retail level which are separately stated).

3

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

## V.  FACTUAL ALLEGATIONS

12. Defendants own and operate the Kebo restaurant, at which Plaintiff was employed as a server, in Key Biscayne, Miami-Dade County, Florida.

13. Arribas worked as a server for Defendants from February, 2015, approximately, to November 20, 2015.

14. During the relevant time period, the applicable Florida minimum wage was $8.05 per hour, and the applicable Florida minimum overtime wage was $12.075 per hour.

15. Throughout this entire period of employment, Arribas was paid $5.03 per hour because Defendants claimed the tip credit to pay him as a tipped employee.

16. Throughout his employment, Arribas was required to kick-back a portion of his tips to Defendants.

17. "The wage requirements of the [FLSA] will not be met where the employee 'kicks-back' directly or indirectly to the employer or to another person for the employer's benefit the whole or part of the wage delivered to the employee." 29 U.S.C. 531.35.

18. "Whether in cash or facilities, 'wages' cannot be considered to have been paid by the employer and received by the employee unless they are paid finally and unconditionally or 'free and clear.'" 29 U.S.C. 531.35.

19. The kick-backs paid to Defendants averaged approximately $3.00 per hour, thereby reducing Arribas' wages, free and clear, below the minimum tipped-employee wage to approximately $2.03 per hour.

20. Defendants knew or showed reckless disregard as to whether their policy concerning non-payment of wages was prohibited by the FLSA, thus they willfully engaged in practices that denied Plaintiff the applicable minimum wage.

4

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

21. Defendants' acts and omissions that gave rise to this action were not in good faith reliance on relevant case law or statements or findings of the Department of Labor.

22. Throughout the Relevant Time Periods, Plaintiff regularly worked an average of thirty-five (35) hours per seven-day week for 39 weeks.

23. Given the applicable minimum wage owed, at 35 hours for 39 weeks, and given that his wages after kick-backs, free and clear, was $2.03 per hour, Arribas is owed $8,217.30, approximately, for actual damages, and because the Defendants' actions were willful, Arribas is owed an equal amount in liquidated damages, plus reasonable attorney's fees and costs.

24. In addition, Defendants failed to provide the notice required under the FLSA.

25. In addition, Defendants demanded that Plaintiff sell and serve liquor to customers, although Defendants did not have a liquor license and such sale and service was illegal.

26. Given that Plaintiff refused to unlawfully serve liquor to Defendants' customers, Defendants themselves would unlawfully serve the drinks and add a charge for the drinks on the customers' checks.

27. Because Plaintiff objected to and refused to participate in Defendants' activity and practice involving liquor sale and service, which is a violation of a law, rule or regulation, he was terminated.

28. Plaintiff Jose Arribas retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

5

Law Office of Lowell J. Kuvin
17 East Flagler Street · Suite 223 · Miami, Florida 33131 · Tel.: 305.358.6800 · Fax: 305.358.6808

# COUNT I

## FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF
## THE FAIR LABOR STANDARDS ACT, 29 U.S.C. 201, *et seq.*

29. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-28, above, as though fully stated herein and alleges as follows:

30. Defendants willfully and intentionally forced Plaintiff to participate in an illegal tip-sharing scheme in which Plaintiff was forced to kick-back his tips to Defendants who are owners of the restaurant.

31. Defendants did not provide Plaintiff with the requisite notice for instituting the tip credit under the FLSA.

32. As a direct and proximate result of Defendants' forcing Plaintiff to kick-back his tips to Defendants, and for not providing the requisite notice, Plaintiff has been damaged for one or more weeks of work with Defendants.

WHEREFORE, Plaintiff requests that this Court enter the following relief:

   a) Award to Plaintiff payment of all hours worked up to forty per week at the full minimum wage, free and clear;

   b) Award to Plaintiff liquidated damages equal to the payment of all minimum wage hours at the full minimum wage, free and clear, owed under the FLSA or, if liquidated damages are not awarded, then prejudgment interest;

   c) Award to Plaintiff reasonable attorneys' fees and costs;

   d) Judgment entered in favor of Plaintiff against Defendants, Style 10, LLC, Ester Tarin Gimeno, and Jose Castellano Olive, for payment of all hours worked up to forty per

6

Law Office of Lowell J. Kuvin
17 East Flagler Street · Suite 223 · Miami, Florida 33131 · Tel.: 305.358.6800 · Fax: 305.358.6808

week at the full minimum wage, free and clear, for liquidated damages, attorneys' fees, costs, and all interest allowed by law; and

e) Award other such and further relief as this Court may deem appropriate.

## COUNT II
## RETALIATION IN VIOLATION OF 29 U.S.C. § 215(A)(3)

33. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-28, above, as though fully stated herein and alleges as follows:

34. Plaintiff complained directly to Defendants on multiple occasions that Plaintiff being forced to kick-back his tips to owners, reducing his wages below the legal minimum for tipped employees, in violation of the law.

35. Defendants stated to Plaintiff that it was the policy and practice of the restaurant for servers such as Plaintiff to share his tips with the ownership.

36. Defendants' motivating factor for terminating Plaintiff was retaliation for Plaintiff's complaint for his lawful overtime wages and tips wrongfully taken.

37. The actual termination of Plaintiff's employment was in direct violation of 29 U.S.C. 215(A)(3) and, as a result, Plaintiff has been damaged.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendants, jointly and severally, as follows:

a) Award to Plaintiff of lost wages and liquidated damages equal to the lost wages;

b) Award to Plaintiff of front pay;

c) Award to Plaintiff of compensatory damages for emotional distress, humiliation, and pain and suffering;

d) Award to Plaintiff of punitive damages;

7

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

    e) Award to Plaintiff of reasonable attorneys' fees and costs;

    f) Award of pre-judgment interest; and

    g) Any other relief as this Court may deem just and proper.

## COUNT III

### RETALIATORY TERMINATION IN VIOLATION OF FLORIDA STATUTES, § 448.101, *et seq.*

38. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-28, above, as though fully stated herein and alleges as follows:

39. Plaintiff is an employee as defined by Fla. Stat. 448.101(2), and is further protected under 448.102 because Plaintiff objected to and refused to participate in Defendants' activities, policies and practices in violation of laws, rules or regulations, which was the sale and service of liquor to customers, including minors, without a liquor license, as envisioned by Fla. Stat. 448.102(3).

40. Defendants at all relevant times were employers pursuant to Fla. Stat. 448.101(3).

41. Defendants willfully and intentionally engaged in these activities, policies and practices in violation of applicable laws, rules and regulations.

42. Throughout his employment, Plaintiff repeatedly objected to Defendants and their agents that he would not participate in these activities, policies and practices.

43. When Plaintiff would refuse to unlawfully serve liquor to guests, Defendants would ring it themselves on the guests' check, under the category of "variable" or "digestivos."

44. Plaintiff's employment was terminated on or about November 20, 2015, the same day he again refused to unlawfully serve liquor to Defendants' customers.

8

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

45. The motivating factor for the termination of Plaintiff's employment was Plaintiff's repeated requests that Defendants comply with applicable law, rules, regulations concerning the sale and service of liquor in Miami-Dade County and Florida, and Plaintiff's objections and refusal to participate in these activities, policies and practices.

46. Plaintiff would not have been fired but for his "whistleblower" complaints.

47. Defendants' actions in terminating Plaintiff's employment violated his rights under § 448.102(3), Fla. Stat.

WHEREFORE, Plaintiff demands the entry of judgment in his favor and against Defendants as follows:

    a)    Awarding Plaintiff back pay, front pay and benefits to which he would have been entitled but for Defendants' discriminatory acts;

    b)    Awarding Plaintiff compensatory and punitive damages;

    c)    Awarding Plaintiff damages for emotional distress, humiliation, emotional pain and suffering, mental anguish, loss of dignity, loss of enjoyment of life, inconvenience and other intangible injuries and non-pecuniary losses;

    d)    Awarding Plaintiff pre-judgment interest; and

    e)    Awarding Plaintiff his costs and reasonable attorney's fees pursuant to Fla. Stat. 448.104.

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

Respectfully submitted this 9th day of December, 2015.

By: **s/Robert W. Brock II**
Robert W. Brock II, Esq.
Florida Bar No. 75320

9

robert@kuvinlaw.com
legal@kuvinlaw.com
*Law Office of Lowell J. Kuvin*
17 East Flagler Street, Suite 223
Miami, Florida 33131
Tel.: 305.358.6800
Fax: 305.358.6808
*Attorney for Plaintiff*

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on **December 9, 2015**, I electronically filed the foregoing document via e-Filing Portal.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified in the attached Service in the manner specified, either via transmission of Notices of Electronic Filing generated by e-Filing Portal, or in some other manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

By:     **s/Robert W. Brock II**
          Robert W. Brock II, Esq.

### ARRIBAS v. STYLE 10, LLC, TARIN & CASTELLANO
### CASE NO.:

### Service List

**Robert W. Brock II, Esq.**
Bar No. 75320
*Law Office of Lowell J. Kuvin*
17 East Flagler Street, Suite 223
Miami, Florida 33131
Tel.: 305.358.6800
Fax: 305.358.6808
PrimaryEmails:robert@kuvinlaw.com
Secondary Email: legal@kuvinlaw.com
*Attorney for Plaintiff*

10

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808